JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
HUMAN RIGHTS DEFENSE CENTER,
a not-for-profit corporation

**DEFENDANTS**
LANCASTER COUNTY, PENNSYLVANIA; CHERYL STEBERGER, Warden, individually and in her official

**(b)** County of Residence of First Listed Plaintiff: Palm Beach Co., Florid
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John S. Stapleton, Stapleton Segal Cochran LLC, 1760 Market Street, Suite 403, Philadelphia, PA 19103 (215) 561-1500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1343 and 42 U.S.C. § 1983

Brief description of cause:
Violation of the First and Fourteenth Amendments of the United States Constitution for censorship of publications mailed to prisoners.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: Oct 8, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ John S. Stapleton

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Lancaster County, Pennsylvania

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☒ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, a not-for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>LANCASTER COUNTY, PENNSYLVANIA; CHERYL STEBERGER, Warden, individually and in her official capacity; MIGUEL CASTRO, Deputy Warden of Operations, individually and in his official capacity; and JOHN AND JANE DOES 1-5, Staff, individually and in their official capacities,<br><br>Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Human Rights Defense Center ("HRDC" or "Plaintiff"), brings this action to enjoin Defendants from censoring publications that Plaintiff mails to prisoners who are held in custody at the Lancaster County Prison (the "Prison"), in violation of the First and Fourteenth Amendments of the United States Constitution.

2. For decades, the United States Supreme Court has recognized that the freedom to read and correspond with the outside world while incarcerated carries important benefits to both prisoners and society as a whole. To this end, plaintiff, HRDC provides prisoners across the United States with publications about their legal and civil rights, as well as options for accessing education while incarcerated. Some of these publications are periodicals and some are books. At times

HRDC will send information that is requested by prisoners, and at other times HRDC will send information unsolicited to assist prisoners and in furtherance of its mission to educate prisoners.

3. Defendants have adopted and implemented mail policies and practices prohibiting delivery of written speech from HRDC. Defendants' actions violate HRDC's rights under the First and the Fourteenth Amendments of the United States Constitution. HRDC thus brings this action, pursuant to 42 U.S.C. § 1983, seeking injunctive and declaratory relief and damages to be proven at trial.

## JURISDICTION AND VENUE

4. This suit is brought under 42 U.S.C. § 1331 (federal question), as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343 (civil rights), as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

5. Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted here all occurred within this judicial district.

6. HRDC's claims for relief are brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the Constitution and laws of the United States.

7. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and this Court also has jurisdiction to award damages against all Defendants.

8. HRDC's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

## PARTIES

9. HRDC is a not-for-profit charitable organization recognized under § 501(c)(3) of the Internal Revenue Code, incorporated in the State of Washington and with principal offices in Boynton Beach, Florida.

10. Defendant Lancaster County, Pennsylvania (the "County") is a unit of government organized and existing under the laws of the Commonwealth of Pennsylvania. The County operates the Prison, and it was and is responsible for adopting and implementing policies governing incoming mail and publications for prisoners at the Prison.

11. Defendant Cheryl Steberger is the Warden of the Prison. Steberger is employed by and is an agent of the County. As Warden, Steberger is responsible for overseeing the management and operations of the Prison, and for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of the Prison who interpret and apply the mail policy for prisoners. As Warden, Steberger is a final policymaker for the Prison with respect to all of its operations, including for policies governing incoming mail for prisoners. She is sued in her individual and official capacities.

12. Defendant Miguel Castro is the Deputy Warden of Operations for the Prison. Castro is employed by and is an agent of the County and Steberger. As Deputy Warden of Operations, Castro is responsible for overseeing the management and operations of the Prison, and for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the personnel of the Prison who interpret and apply the mail policy for prisoners. As Deputy Warden

of Operations, Castro is a policymaker for the Prison with respect to all of its operations, including for policies governing incoming mail for prisoners. He is sued in his individual and official capacities.

13. The true names and identities of Defendant DOES 1 through 5 are unknown to the HRDC. Each of Defendants DOES 1 through 5 is or was employed by or were agents of the County and/or Defendant Watkins. Defendant DOES 1 through 5 were personally involved in the adoption and/or implementation of the Prison's policy concerning publications and mail.

14. At all times material to this action, the actions of all Defendants as alleged here were taken under the authority and color of state law.

15. At all times material to this action, all Defendants were acting within the course and scope of their employment as agents and/or employees of the County.

## FACTUAL ALLEGATIONS

### A. HRDC's Publications

16. For more than 36 years, the focus of HRDC's mission has been public education, advocacy and outreach on behalf of, and for the purpose of assisting, prisoners who seek legal redress for infringements of their constitutionally guaranteed and other basic human rights. HRDC's mission, if realized, has a salutary effect on public safety.

17. To accomplish its mission, HRDC publishes and distributes books, magazines, and other information containing news and analysis about prisons, jails and other detention facilities, prisoners' rights, court rulings, management of prison facilities, prison conditions and other matters pertaining to the rights and/or interests of incarcerated individuals.

18. HRDC publishes and distributes an award-winning monthly magazine titled *Prison Legal News: Dedicated to Protecting Human Rights* ("*Prison Legal News*"), which contains

news and analysis about correctional facilities, the rights of prisoners, court opinions, prison and jail conditions, excessive force, and religious freedom. In 2013, *Prison Legal News* received the First Amendment Award from the Society of Professional Journalists. *Prison Legal News* is published on newsprint bound by two small staples, and is 72 pages long.

19. HRDC also publishes and distributes a second monthly magazine titled *Criminal Legal News*, which contains news and analysis about individual rights, court rulings, and other criminal legal-related issues. *Criminal Legal News* is also published on newsprint bound by two small staples, and is 56 pages long.

20. HRDC also publishes and/or distributes several different soft-cover books on criminal justice, health, and legal issues that are of interest to prisoners and others. HRDC publishes and distributes the *Prisoners' Guerilla Handbook: A Guide to Correspondence Programs in the United States and Canada* ("*Prisoners' Handbook*"), which provides information on enrolling at accredited higher educational, vocational and training schools. HRDC publishes and distributes the *Prison Education Guide*, which provides a comprehensive listing of correspondence programs available to prisoners including a detailed analysis of the quality and cost of each program. HRDC does not publish, but is the sole national distributor of *Protecting Your Health and Safety* ("*PYHS*"), which describes the rights, protections and legal remedies available to persons concerning their health and safety while they are incarcerated.

21. In addition to its publications, HRDC also communicates with prisoners through the United States Postal Service by mailing them: (a) informational brochure packets ("Info Packs"), which contain a brochure and subscription order form, a book list, and a published books brochure (each of which is a single page); (b) copies of judicial opinions of import to prisoners, which are marked "Court Ruling;" and (c) letters that provide pertinent information about HRDC's

publications and related topics and subscription renewal letters. HRDC encloses a self-addressed, stamped envelope with its informational brochure packets and subscription renewal letters, but does not enclose extra envelopes or stamps with the informational brochure packets, judicial opinions, or other letters that it mails to prisoners.

22. HRDC has thousands of subscribers to its monthly magazines in the United States and abroad, including prisoners, attorneys, judges, journalists, libraries, and members of the public. Since its creation in 1990, HRDC has sent its publications to prisoners and law librarians in more than 3,000 correctional facilities across the United States, including death row units and institutions within the Federal Bureau of Prisons, such as the federal Administrative Maximum Facility ("ADX" or "Supermax") in Florence, Colorado—the most secure prison in the United States. *Prison Legal News* is distributed to prisons and jails within the correctional systems of all 50 states, including to dozens of prisoners housed in facilities in the Commonwealth of Pennsylvania.

23. HRDC has been attempting to send these important publications to persons incarcerated at the Prison. Yet Defendants maintain mail policies or practices that unconstitutionally prevent HRDC from sending these materials to individuals incarcerated at the Prison.

**B. <u>Defendants' Mail Policies and Practices</u>**

24. The Prison's "Inmate Mail Policy" is available on the County's public website at https://www.co.lancaster.pa.us/893/Mail-Policies-and-Procedures (last visited October 6, 2026). The Inmate Mail Policy provides, in pertinent part:

> INCOMING INMATE MAIL
>
> PROCEDURE CHANGE

> Effective March 1st, 2019, incoming envelopes will be discarded in the mail room and will not be taken to the blocks. Anyone who wants to ensure the return address gets to the inmate must write the address on the letter itself. The return address is still required on the envelope.
>
> NOTICE
>
> Greeting cards of any kind will no longer be accepted by Lancaster County Prison unless they are directly shipped from an approved vendor of Lancaster County Prison. This decision has been made due to the recent issues across the state of Pennsylvania that pertain to drugs and other contraband entering correctional facilities via the mail.
>
> Any cards that come via the mail and are not from the approved vendor will be marked "cards not accepted" and sent back to the return address listed on the envelope.
>
> The approved vendor is below:
>
> Pigeonly.com
>
> DELIVERIES: As a reminder, all Amazon packages delivered for the inmate population will not be accepted and will either be immediately returned to the delivery driver or be destroyed regardless of contents.

25. In addition to the Inmate Mail Policy, the County's public website also contains a link entitled "Contacting Incarcerated Individuals," which can be accessed at https://www.co.lancaster.pa.us/222/Contacting-Incarcerated-Individuals (last visited October 6, 2026). This link provides the following information pertaining mail:

> Effective June 2024 personal mail will no longer be accepted by the County Jail.
>
> **Mail** – All personal Mail must be addressed:




**Legal Mail** – All legal mail will be sent directly, to the Lancaster County Prison marked as legal mail on the envelope. Legal mail will be delivered to the individual unopened to ensure confidentiality. The individual is required to open the document in front of staff and acknowledge receipt of the correspondence either written or electronically.

Lancaster County Prison

Incarcerated Individual's Full Name and ID # LEGAL MAIL

625 E. King Street

Lancaster, PA 17602

26. Although the Prison's posted mail policies and practices do not expressly address the mailing of books and publications to prisoners, the Prison's mail policies and practices have resulted in a complete ban on books and magazines mailed by HRDC in violation of HRDC's rights as a publisher under the Free Speech Clause of the First Amendment.

27. Furthermore, Defendants have unconstitutionally applied the policy by censoring correspondence that HRDC has sent to prisoners.

## C. Defendants' Censorship of HRDC's Mail

28. Between June 2025 and October 2026, HRDC sent books, magazines, informational brochures, and correspondence to individuals confined at the Prison. Some of those items were mailed directly to the Prison, and some of those items were mailed to the Securus Digital Mail Center ("Securus").

29. Between July 2025 and October 2026, at least one hundred and twenty-five (125) of those items were returned to the HRDC. One hundred and eight (108) items were returned by the Prison, and the other seventeen (17) items were returned by Securus. The items returned were addressed to individuals confirmed to still be in custody at the Prison on the day that HRDC received the returned mail.

30. The one hundred and twenty-five (125) returned items received by HRDC consisted of: forty (40) copies of *Criminal Legal News*; thirty-seven (37) copies of *Prison Legal News*; twelve (12) copies of *PYHS*; eight (8) copies of *Prison Education Guide*; eight (8) copies of the *Prisoners' Handbook*; fifteen (15) Info Packs; and five (5) letters.

31. Many of the rejected items, including books, were returned to HRDC marked "RTS not legal mail." Several other items returned by the Prison, including magazines, were imprinted with a stamp, which provided as follows:

> RETURN TO SENDER
> The new mailing address for
> Lancaster County Prison is
>
> Inmates Full Name and ID Number
> C/O Securus Digital Mail Center
> PO BOX 25958
> Tampa, FL 33622

32. As noted above in paragraphs 28 and 29, HRDC attempted to send individually addressed publications and correspondence to prisoners using the Securus address, but many of those items were returned to HRDC.

33. Upon information and belief, the Prison and Securus failed to deliver any of the books, magazines, and other correspondence mailed by HRDC to prisoners confined at the Prison, including dozens of items that were never returned to HRDC.

34. Defendants failed to provide HRDC with any notice of these censorship decisions or any opportunity to appeal these censorship decisions. Therefore, Defendants' policies and practices also violate HRDC's Fourteenth Amendment rights to due process.

35. Because of Defendants' actions, as described above, HRDC has suffered damages, and will continue to suffer damages, including, but not limited to: the suppression of HRDC's speech; the impediment of HRDC's ability to disseminate its message; frustration of HRDC's non-profit organizational mission; the loss of potential subscribers and customers; and, the inability to recruit new subscribers and supporters.

36. Defendants, and other agents of the Prison, are responsible for or personally participated in, creating and implementing these unconstitutional polices, practices, and customs, or for ratifying and adopting them. Further, Defendants are responsible for training and supervising the staff members, whose conduct has injured and continues to injure HRDC.

37. Defendants' actions and inactions were and are impermissibly motivated, and were and are all committed under color of law with deliberate indifference to HRDC's rights.

38. Plaintiff will continue to send its books and magazines to subscribers, customers, and other individuals imprisoned at the Prison.

39. Defendants' unconstitutional policy, practices, and customs continue to violate HRDC's rights, and they were and are the moving force behind the injuries HRDC suffered and will continue to suffer as a direct result of the constitutional violations. As a result, HRDC has no adequate remedy at law.

40. Without relief from this Court HRDC will suffer irreparable injury, since its fundamental free speech and due process rights are being denied. The balance of hardship favors Plaintiff and the public interest will be served by granting injunctive and declaratory relief.

41. The accommodation of the free speech and due process rights of HRDC with respect to written speech protected by the Constitution will not have any significant negative impact on the Prison, its staff, prisoners, or the public.

42. HRDC is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from refusing to deliver publications from HRDC and other publishers and distributers without legal justification, and prohibiting Defendants from censoring mail without due process of law.

## CLAIMS

### COUNT I – 42 U.S.C. § 1983
***Violation of the First Amendment (Free Speech)***

43. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. The acts described above constitute violations of HRDC's right to communicate with incarcerated individuals under the Free Speech Clause of the First Amendment.

45. Defendants' conduct was objectively unreasonable, arbitrary, and undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

46. HRDC's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

47. Defendants' acts described above have caused damages to HRDC, and if not enjoined, will continue to damage HRDC.

48. HRDC seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. HRDC seeks punitive damages against the individual Defendants in their individual capacities.

**COUNT II – 42 U.S.C. § 1983**
***Violation of the Fourteenth Amendment (Due Process)***

49. HRDC re-alleges and incorporates the allegations of Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Because HRDC has a liberty interest in communicating with prisoners, HRDC has a right under the Due Process Clause of the Fourteenth Amendment to receive notice of and an opportunity to challenge Defendants' decision to censor HRDC's written speech.

51. Defendants' policies and practices fail to provide HRDC and other senders with adequate notice and an opportunity to be heard.

52. Defendants' conduct was objectively unreasonable and was undertaken recklessly, intentionally, willfully, with malice, and with deliberate indifference to the rights of others.

53. HRDC's inquiries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

54. Defendants' acts described above have caused damages to the HRDC, and if not enjoined, will continue to cause damage to the HRDC.

55. HRDC seeks declaratory and injunctive relief, and nominal compensatory damages against all defendants. HRDC seeks punitive damage against the individual Defendants in their individual capacities.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief as follows:

1. A declaration that Defendants' policies and practices violate the Constitution.

2. A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief.

3. Nominal damages for each violation of the HRDC's rights by the Defendants.

4. Compensatory damages in an amount to be proved at trial.

5. Punitive damages against the individual Defendants in an amount to be proved at trial.

6. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law.

7. Any other such relief that this Court deems just and equitable.

**JURY DEMAND**

Plaintiff, Human Rights Defense Center, by and through its attorneys, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: October 8, 2026

STAPLETON SEGAL COCHRAN LLC

By: */s/ John S. Stapleton*
John S. Stapleton (PA ID 200872)
Jonathan L. Cochran (PA ID 314382)
1760 Market St., Suite 403
Philadelphia, PA 19103
Telephone: (215) 561-1500
jstapleton@stapletonsegal.com
jcochran@stapletonsegal.com

Jonathan Picard*
Florida Bar No.: 105477

HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Telephone: (561) 360-2523
jpicard@humanrightsdefensecenter.org
*Attorneys for Human Rights Defense Center*

**Pro hac vice* application to be filed